# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ALBERT M. VIRSNIEKS**,

       Petitioner,

  v.

                                       Case No. 03-C-670

**JUDY P. SMITH,**

       Respondent.

## DECISION AND ORDER ON THE HABEAS CORPUS PETITION

      Petitioner Albert Virsnieks ("Virsnieks") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. He was charged in Calumet County Circuit Court with one count of burglary, in violation of Wisconsin Statute § 943.10(1)(a) and one count of second-degree sexual assault, in violation of Wisconsin Statute § 940.225(2)(a). Virsnieks entered into a plea agreement under which he agreed to plead no contest to the burglary charge in exchange for the state agreeing to dismiss the sexual assault charge. Following a colloquy, the trial court accepted the no contest plea, ordered a judgment of conviction, and sentenced Virsnieks to ten years in prison.

      Virsnieks then sought to withdraw his no contest plea. The basis for this motion was that, although Virsnieks pled no contest to burglary with intent to commit a felony, the specific felony that he intended to commit was not identified in the information or discussed in the colloquy. Therefore, Virsnieks argued that his plea was not knowing,

voluntary, or intelligent. After an evidentiary hearing, the trial court denied the defendant's motion. On direct appeal, the Court of Appeals summarily affirmed the conviction and denial of post-conviction relief. The Wisconsin Supreme Court denied Virsnieks' petition for review.

Now acting pro se, Virsnieks pursued collateral relief pursuant to Wisconsin Statute § 974.06. After being denied in the circuit court, Virsnieks appealed and raised five issues: (1) the charge that he pled no contest to was defective and he should be permitted to withdraw his no contest plea because the information did not state the crime he intended to commit in the course of the burglary; (2) there was an insufficient factual basis for his plea; (3) the prosecutor breached the plea agreement by referring to the sexual assault in sentencing; (4) trial counsel was ineffective because he did not object to the prosecutor's and victim's statements at the sentencing hearing; and (5) Virsnieks received ineffective assistance of post-conviction and appellate counsel. The Court of Appeals summarily affirmed the denial of the post-conviction motions and the Wisconsin Supreme Court denied review.

In his present habeas petition, Virsnieks raises three grounds for relief: (1) that the no contest plea was not knowing, voluntary, and intelligent because the information did not state the crime he intended to commit in committing the burglary; (2) he was denied the effective assistance of trial counsel because counsel did not inform Virsnieks that the prosecution was relying upon the alleged sexual assault as the felony underlying the burglary charge, and (3) he was denied the effective assistance of counsel on direct appeal because counsel did not allege that Virsnieks' plea was made with a full understanding the nature of the charge.

This case was transferred to this court upon both parties' consent to the full jurisdiction of a magistrate judge. Virsnieks subsequently filed a Motion for Summary Judgment, in which he asserts that the state trial court did not have jurisdiction to sentence him because the information did not comply with Federal Rule of Criminal Procedure 7(c)(1). The respondent filed a motion opposing Virsnieks' request for summary judgment.

## STANDARDS OF REVIEW

Where the state court adjudicates the merits of a petitioner's claim, this court may grant habeas corpus relief if the state court decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the Supreme Court explained in Williams v. Taylor, § 2254(d)(1) establishes two independent grounds on which a federal court can grant habeas corpus relief: (1) if a state court decision is "contrary to" clearly established federal law, as determined by the Supreme Court, or (2) if a state court decision involves an "unreasonable application" of clearly established federal law, as determined by the Supreme Court. 529 U.S. 362, 404-05 (2000); see also Washington v. Smith, 219 F.3d 620, 627-28 (7th Cir.2000). The "contrary to" standard requires a state court decision to be "substantially different from the relevant precedent of [the Supreme Court]." Williams, 529 U.S. at 405. For example, a state court decision applying a rule that contradicts the governing law set forth by the

Supreme Court would qualify, as would a decision that involves a set of facts materially indistinguishable from a Supreme Court case that arrives at a different result. Id. at 405-06. By contrast, a state court decision that draws from Supreme Court precedent the correct legal rule and applies it in a factually distinguishable situation will not satisfy the "contrary to" standard, no matter how misguided the decision's ultimate conclusion. Id. at 406-07.

Under the "unreasonable application" prong of (d)(1), relief may be granted if the petitioner shows that, despite identifying the correct rule of law, the state court unreasonably applied it to the facts of the case. Williams, 529 U.S. at 404. An unreasonable application of federal law, however, is different from the incorrect or erroneous application of federal law. Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001) (citing Williams, 529 U.S. at 410). A federal court simply disagreeing with the state court decision does not warrant habeas relief-the decision's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

Under § 2254(d)(2), relief may be had where the petitioner demonstrates that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Here again, an unreasonable determination is more than a determination that is simply incorrect or erroneous. Moreover, state court factual determinations are presumed correct, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing evidence." Section 2254(e)(1). Rice v. Collins, --- U.S. ---, 126 S.Ct. 969, 974 (2006) (citing Miller-El v. Dretke, 545 U.S. ----, ----, 125 S.Ct. 2317, 2325 (2005)).

-4-

And finally, if the petitioner demonstrates constitutional error under § 2254(d), he still may not be entitled to habeas relief where such error is deemed harmless; that is, the error could not have had a substantial and injurious effect or influence on the jury's verdict. O'Neal v. McAninch, 513 U.S. 432, 436 (1995) (internal citations omitted). With the § 2254(d) and (e)(1) standards in mind, the court will now turn to the three challenges raised by Virsnieks.

**NO CONTEST PLEA**

Virsnieks argues that he did not fully understand the nature of his no contest plea because neither the information nor the plea colloquy referenced which felony the prosecution alleges Virsnieks intended to commit in the burglary. Virsnieks denies that he ever committed a sexual assault or intended to commit such a crime in committing the burglary and therefore at the time of his plea believed that the underlying felony was something other than the sexual assault. But at Virsnieks' sentencing hearing, the prosecution and the trial court relied upon the alleged sexual assault as the underlying felony. The Court of Appeals summarily dismissed Virsnieks' appeal because in State v. Steele, 2001 WI App 34, 241 Wis. 2d 269, 625 N.W.2d 595, the court had very recently squarely rejected the arguments raised by Virsnieks.

The record in this case clearly establishes that Virsnieks fully understood the charge to which he was entering a plea. There is no specific constitutionally required procedure that a court must follow in a plea hearing. Stewart v. Peters, 958 F.2d 1379, 1384-85 (7th Cir. 1992) (citing cases). This court has reviewed the transcript of Virsnieks' plea hearing, included in the record as Exhibit Q to the Response to Petition For Writ of Habeas Corpus, and it demonstrates that the court engaged in an appropriate

-5-

colloquy to ensure that Virsnieks' plea was entered freely, voluntarily, and intelligently. Virsnieks entered a plea of guilty to the charge of burglary with intent to commit a felony and there is no requirement that a defendant be informed of the accompanying specific felony. It is well established under Wisconsin law that the prosecution need not prove which specific felony a defendant intended to commit in committing a burglary. State v. Steele, 2001 WI App 34, ¶ 9, 241 Wis. 2d 269, 625 N.W.2d 595; State v. Hammer, 216 Wis. 2d 214, 222, 576 N.W.2d 285 (Ct. App. 1997). Virsnieks provides no argument as to how this clearly established precedent is contrary to or an unreasonable application of federal law as determined by the United States Supreme Court. Therefore, the court is persuaded that Virsnieks' guilty plea was sufficiently free, voluntary, and intelligent, to conform with federal constitutional requirements.

In addition to the foregoing argument, Virsnieks' petition raises a slightly different argument. Virsnieks also argues that not only was he not informed of the specific felony, at sentencing the prosecution and the court impermissibly relied upon the alleged sexual assault as the underlying felony. In other words, it appears that had the court and the state made no references to the sexual assault but merely stated that Virsnieks illegally entered the home with intent to commit an unspecified felony, Virsnieks would likely not be raising arguing that his plea was improper. Rather, in his petition, Virsnieks objects to the prosecution and court's reliance upon the alleged sexual assault as an aggravating factor in his sentencing for burglary. When viewed in the context of sentencing, the specific felony the defendant is alleged to have intended to commit during the burglary is quite relevant. Not all felonies are treated similarly for

-6-

Case 2:03-cv-00670-AEG   Filed 07/18/06   Page 6 of 11   Document 22

sentencing. Illegally entering a home with intent to rape or murder is substantially more aggravated than illegally entering a home with the intent to steal.

Nevertheless, even when the issue is framed this way, Virsnieks is not entitled to habeas relief. Unless the fact increases the potential penalty beyond the statutory maximum, there is no requirement that the aggravating factors be found by a jury beyond a reasonable doubt unless waived by a defendant. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Additionally, Virsnieks' plea questionnaire explicitly authorized the court to use the criminal complaint as the factual basis for the plea, and this was specifically discussed during the plea colloquy. Although the charge relating to the alleged sexual assault was dismissed as a part of the plea agreement, the factual allegations remained relevant to the burglary. Because these allegations were contained in the complaint and Virsnieks explicitly agreed that the court could rely upon the complaint as the factual basis for the plea, it was entirely permissible for the sentencing court to rely upon the sexual assault in sentencing Virsnieks. Additionally, as noted by respondent, prior to sentencing, the defendant was ordered to submit to a psycho-sexual evaluation, which certainly underscores the relevance of the sexual assault charge. More importantly, Virsnieks provides no argument as to how the state's clearly established procedure is contrary to or an unreasonable application of federal law as determined by the United States Supreme Court.

### INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Virsnieks argues that his trial counsel was ineffective because he failed to inform Virsnieks that the prosecution was relying upon the sexual assault allegation as the underlying felony in the burglary charge. Although in his collateral attack pursuant to

-7-

Wisconsin Statute § 974.06, the Court of Appeals considered an argument that Virsnieks' trial counsel was ineffective, it appears to have done so on the basis of counsel's failure to object when the prosecutor, victim, and court discussed the alleged sexual assault in sentencing. While it appears that the Court of Appeals could have rejected Virsnieks' arguments under the state procedural bar set forth in State v. Escalona-Naranjo, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), the Court of Appeals, nonetheless, considered the matter on its merits. The Court of Appeals rejected Virsnieks' arguments on the basis that they were dependent upon the fact that the reliance upon the sexual assault allegation was improper, an argument previously rejected by the Court of Appeals. Alternatively, the court held that Virsnieks had waived any objections regarding ineffective assistance of counsel in failing to raise them when the prosecutor inquired at an evidentiary hearing if Virsnieks had any such claims.

In Virsnieks' petition for review to the Wisconsin Supreme Court, he squarely raised the ineffective assistance of counsel argument that he raises in his present habeas petition, specifically that counsel was ineffective for his failure to ensure that Virsnieks understood which felony the prosecution was relying upon.

To prevail on an ineffective-assistance-of counsel-claim, a petitioner must demonstrate that the Wisconsin courts' decision was either contrary to, or the based on an unreasonable application of, federal law. Williams v. Davis, 301 F.3d 625, 631 (7th Cir. 2002)(applying § 2254(d)(1) standards). The applicable federal law governing ineffective assistance claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires the petitioner to show (1) his attorney's performance fell below an objective standard of reasonableness, and (2) the deficient performance caused him

-8-

prejudice. 466 U.S. at 687-88 (1984); Roche v. Davis, 291 F.3d 473, 481-82 (7th Cir.2002); Montenegro v. United States, 248 F.3d 585, 590 (7th Cir. 2001). Courts review counsel's performance under the first prong deferentially, presuming reasonable judgment unless the factual record rebuts such a presumption. See Strickland, 466 U.S. at 689; Matheney v. Anderson, 253 F.3d 1025, 1039 (7th Cir.2001).

With regard to the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 689; Matheney, 253 F.3d at 1039-40. If the court finds that the counsel's alleged deficiency did not prejudice the defendant, under the second prong, the court does not need to consider the first prong of the Strickland test. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003).

Virsnieks cannot demonstrate that his attorney's performance fell below an objective standard of reasonableness. In the present case, all the facts indicated that the felony underlying the burglary charge was sexual assault. Under the circumstances, it was entirely reasonable that defense counsel would assume that Virsnieks was fully aware that the sexual assault was the underlying felony. Therefore, there was no reason for defense counsel to take some additional steps to be doubly certain that Virsnieks understood this fact and its consequences. Counsel cannot be deemed ineffective for assuming the plainly evident.

Additionally, the Court of Appeals held that Virsnieks was judicially estopped from raising all claims of ineffective assistance of counsel by not raising them in response to the prosecutor's direct question in a post-conviction evidentiary hearing. This ruling represents an adequate and independent state ground for denying Virsnieks relief

and therefore represents an additional reason why this court cannot grant Virsnieks' petition. Gomez v. Jaimet, 350 F.3d 673, 677 (7th Cir. 2003).

## INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Virsnieks argues that his appellate counsel was ineffective because he failed to argue that Virsnieks' trial counsel was ineffective. However, this court and the Wisconsin Court of Appeals rejected the argument that his trial counsel was ineffective. If trial counsel was not ineffective, it was certainly was not unreasonable under Strickland for Virsnieks' appellate counsel to decline to raise this argument. Similarly, Virsnieks' was not prejudiced by appellate counsel's failure to raise the issue because the claim would have failed, as it failed when raised before the Court of Appeals and before this court.

## VIRSNIEKS' MOTION FOR SUMMARY JUDGMENT

The respondent and the court are both unclear as to what precisely Virsnieks intends in submitting his Motion for Summary Judgment. It appears that Virsnieks may be attempting to raise additional grounds for habeas relief by arguing that the sentencing court lacked jurisdiction to proceed. Never before has Virsnieks alleged that the sentencing court lacked jurisdiction and therefore, just one of the many reasons as to why Virsnieks' arguments must fail is because he failed to exhaust these remedies in the state court. Rose v. Lundy, 455 U.S. 509 (1982). Additionally, to the extent that Virsnieks' motion represents a request for a summary disposition of this case, it is mooted by the resolution of Virsnieks' petition on its merits.

-10-

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **denied** and this case is **dismissed** on its merits.

**IT IS FURTHER ORDERED** that Virsnieks' motion for summary judgment is **denied as moot**.

Dated at Milwaukee, Wisconsin, this 18th day of July, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge

-11-